# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-40158
Summary Calendar

MARCO ANTONIO G. RODRIGUEZ

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CV-226

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Rodriguez, Texas prisoner # 909245, appeals the denial of 28 U.S.C. § 2254 relief. Rodriguez challenged his jury conviction for murder. Rodriguez argued that the denial of an interpreter during voir dire constitutes a structural error that mandates automatic reversal. The district court denied the petition but granted a certificate of appealability on the issue whether "the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state trial court's failure to provide an interpreter for [Rodriguez] during a portion of voir dire can ever be considered harmless error."

Where the petitioner's claims have been adjudicated on the merits by the state court, this court's review of the state court's decision is deferential under § 2254. *See Mallard v. Cain*, 515 F.3d 379, 381 (5th Cir. 2008). Federal habeas relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts. § 2254(d).

A state court decision is contrary to clearly established federal law if the decision applies a rule that contradicts the governing law set forth by the Supreme Court or if the decision involves a set of facts that are materially indistinguishable from a Supreme Court decision but reaches a result different from that Court's precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). If the Supreme Court "has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the [§ 2254(d)] bar," and habeas relief is prohibited. *Williams*, 529 U.S. at 381. "It is not enough, under § 2254, that a Supreme Court case apply 'by extension' to a purported state court violation; the Supreme Court must speak clearly." *Burgess v. Dretke*, 350 F.3d 461, 469 (5th Cir. 2003).

Rodriguez has not identified clearly established federal law that applies to his claim that the denial of an interpreter during voir dire is structural error that requires reversal. Accordingly, Rodriguez has not shown that the district court erred in concluding that the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law. *See* § 2254(d)(1); *Burgess*, 350 F.3d at 469. Accordingly, the judgment of the district court is AFFIRMED.